**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUDGE KAPLAN

---------------------------------------------------------------X   Case No.

PAULINE ADLAM, on behalf of herself individually
and all others similarly situated,

                            Plaintiff,

10 cv 5944

        -against-                                **CLASS ACTION**
                                                            **COMPLAINT**

RJM ACQUISITIONS, LLC.

AUG 06 2010
U.S.D.C. S.D.N.Y.
CASHIERS

                            Defendant.
---------------------------------------------------------------X

Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1.     This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law §349 ("NYGBL §349") regarding defendant's deceptive acts and practices.

## PARTIES

2. Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, §692a(3).

3. Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6), and is a domestic limited liability corporation with its principal office address in the State of New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff re-alleges paragraphs 1-4 as if fully re-stated herein.

6. That on or about February 12, 2010 the defendant sent a collection letter to the plaintiff in an attempt to collect an alleged debt incurred for personal purposes originally to Literary Guild Select Book Club. A copy of said letter is attached as Exhibit "1".

7. That the aforesaid letter states, in pertinent part:

"RJM may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report." Contrary to its assertions in the aforesaid statement, defendant merely lists the fact that the debt is placed for collection or is in collection on the debtor's credit report. Defendant does not report late payments, missed payments or such other defaults on plaintiff's credit report.

8. That defendant is a buyer and collector of debts already in default, and as such is not able to report late and missed payments to the credit bureaus.

9. That said language therefore threatens action, viz., to report late and missed payments to the credit bureaus, that defendant cannot legally take or that defendant does not intend to take, in violation of the FDCPA, including but not limited to §1692e(5).

10. That said language also violates the FDCPA §1692e(10), in that it is a false representation and a deceptive means to attempt to collect a debt inasmuch as defendant had no intention to report late or missed payments to the credit bureaus and, further, had no ability to do so.

11. That said language also violates the FDCPA §1692f as an unfair and unconscionable means to attempt to collect a debt.

AS AND FOR A SECOND CAUSE OF ACTION

12. Plaintiff re-alleges paragraphs 1-11 as if fully re-stated herein.

13. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL §349.

14. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a buyer and collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant mails or causes to be mailed to natural persons within New York State each year thousands of letters similar to Exhibit "1".

15. That defendant's letter is deceptive and misleading in that the least sophisticated consumer would believe that defendant would report missed and late payments on her credit report with the credit bureaus, when in fact defendant had no ability to do so.

16. That defendant's false threat caused plaintiff to suffer anxiety and distress.

17. That defendant is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

## CLASS ALLEGATIONS

18. That plaintiff re-alleges paragraphs 1-17 as if fully re-stated herein.

19. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter sent to plaintiff on or about February 12, 2010; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e(5),1692e(10) and 1692f. The class does not include defendant and any person, firm, trust, corporation or other entity related to or affiliated with defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

20. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by making false threats of credit reporting to the credit bureaus.

(C) The only individual issue is the identification of the consumers who received the letter (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained experienced counsel. The plaintiff's interests are consistent with those of the members of the class.

21. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal

means of enforcing the FDCPA in 15 U.S.C. §1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. That if the facts are discovered to be appropriate, the plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

23. That communications from debt collectors, such as that sent by the defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

24. That as a result of the above violations, defendant is liable to the plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

25. That defendant violated the FDCPA. Defendant's violations include threatening to take an action that cannot legally be taken or that is not intended to be taken, using a false representation or deceptive means to attempt to collect a debt, and using unfair and unconscionable means to attempt to collect a debt.

WHEREFORE, plaintiff respectfully prays that judgment be entered against the defendant as follows:

(a) certifying a class action pursuant to Federal Rules of Civil Procedure 23;

(b) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(c) statutory damages pursuant to NYGBL §349 in an amount to be determined at time of trial;

(d) awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

(e) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(f) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
August 5, 2010.

_____
NOVLETTE R. KIDD, ESQ.
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com

**EXHIBIT "1"**

RJM Acquisitions LLC
575 Underhill Blvd., Suite 224
Syosset, NY 11791-3416

268 679 00053814
689369

10239474420000001RJMPF1021210

**PERSONAL & CONFIDENTIAL**

**RJM Acquisitions LLC**
575 Underhill Blvd. Suite 224
Syosset, NY 11791-3416
Fax No. (516) 714-1310
Mon-Thurs 8am-7pm, Fri 8am-3pm

February 12, 2010

PAULINE ADLAM

NEW YORK NY

| Use Access Code |
| --- |
| 137247136555 |
| When Calling or Writing |
| 1-800-651-4418 |

*See Back of Letter for a Statement Showing the Items You Ordered.*

Dear Pauline Adlam:

RJM Acquisitions LLC ("**RJM**") has purchased the following account:

| | |
| --- | --- |
| **RJM** Purchased Your | LITERARY GUILD SELECT BOOK CLUB ACCOUNT |
| LITERARY GUILD ACCOUNT# | 78786●●●● |
| Date Account Opened | September 21, 2004 |
| **Balance Due** | **$55.31** |

## OPPORTUNITY #1
### SETTLE THIS ACCOUNT FOR $38.71 (A 30% DISCOUNT)

You can settle this account with a **lump sum** payment of **$38.71**, a **30%** discount off the balance due of **$55.31**.

## OPPORTUNITY #2
### SETTLE THIS ACCOUNT FOR $44.24 (A 20% DISCOUNT) PAYABLE AT $22.12 PER MONTH

If you can send **$22.12** per month, then you can settle this account for **$44.24**, a **20%** discount off the balance due of **$55.31**.

## OPPORTUNITY #3

RJM is pleased to accept **$11.06** per month until the balance due of **$55.31** is paid.

Please respond by **March 29, 2010**.

When you finish paying, your account will be **Satisfied in Full**.

Your account balance includes a commitment charge that is based on the number of books you did not purchase under your LITERARY GUILD SELECT BOOK CLUB ACCOUNT membership. When you pay this account, you may be entitled to receive additional books. Please contact Book Club Special Services, P.O. Box 547, Camp Hill, PA. 17001-0547 for all inquiries related to your eligibility to receive additional books under your LITERARY GUILD SELECT BOOK CLUB ACCOUNT membership.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**See back of letter for a statement showing the items you ordered and other important information.**

**This communication is from a debt collector.**

▼ Detach Here ▼                                                                                                    ▼ Detach Here ▼

**Back of Letter** 

| LITERARY GUILD SELECT BOOK CLUB ACCOUNT STATEMENT | | |
|---|---|---|
| ITEM DESCRIPTION<br>BOOK TITLE | DATE | ITEM# |
| DEVIL'S/ORIGIN-2 | SHIPPED 08-10-2005 | ITEM# 071092 |

### IMPORTANT INFORMATION

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**New York City:** License number 1250735. The name of the person to call back is Eileen Graham.

RJM may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

000 001

00053814